NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30096 |
| Plaintiff-Appellee, | D.C. Nos. 3:17-cr-00179-TMB-DMS-1 |
| v. | 3:17-cr-00179-TMB-DMS |
| CHRISTOPHER JAMES NICKALASKEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted February 17, 2022
San Francisco, California

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,[**]
District Judge.

Christopher James Nickalaskey appeals the district court's denial of his

motion for reconsideration of the denial of his motion to suppress evidence found

during his encounter with police on November 24, 2017.  The parties are familiar

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

with the facts, so we do not repeat them here. We review de novo the district court's denial of the motion to suppress and the underlying factual findings for clear error. *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The officers had reasonable suspicion to seize Nickalaskey based on the 911 call because the call exhibited "sufficient indicia of reliability" and provided "information on potential illegal activity serious enough to justify a stop." *United States v. Vandergroen*, 964 F.3d 876, 879 (9th Cir. 2020). The call displayed significant indicia of reliability in part because the caller was not anonymous; instead, he provided his name and phone number to the police dispatcher. *See Florida v. J.L.*, 529 U.S. 266, 270 (2000). He also provided "fresh, eyewitness knowledge" supporting the basis for his suspicion of criminal activity, including the make, model, and license-plate numbers of the vehicles involved in the suspected drug sale and a description of the appearance and movements of the individual suspects. *Vandergroen*, 964 F.3d at 880. Additionally, he called 911 rather than a non-emergency tip line, which allowed the call to be recorded and traced and increased the caller's credibility. *See Foster v. City of Indio*, 908 F.3d 1204, 1214 (9th Cir. 2018).

The 911 call also provided information about suspected criminal activity— drug dealing—serious enough to justify the *Terry* stop of Nickalaskey. *See United*

*States v. Brown*, 996 F.3d 998, 1007 (9th Cir. 2021). The caller described the suspicious activity of two men in the Fred Meyer parking lot, a "driver," and a "runner," who was "hopping into different cars." Although Nickalaskey did not match the detailed description the caller provided for the runner, the officers had reasonable suspicion to seize Nickalaskey on the ground that he was the male driver who was not physically described in the tip. When the police officers approached the parking lot, Nickalaskey was standing beside the open door of the white Ford Ranger described by the 911 caller. Therefore, the officers had "reasonable, articulable suspicion" for suspecting that Nickalaskey was the driver described by the caller, who was engaged in criminal activity. *See United States v. Brown*, 925 F.3d 1150, 1153 (9th Cir. 2019).

For the foregoing reasons, the district court did not err in denying Nickalaskey's motion for reconsideration.

**AFFIRMED.**